# Noll *v.* Noll, Appellant.

*Divorce—Adultery—Evidence—Sufficiency.*

In an action for divorce on the ground of adultery a decree of divorce is properly granted, where the charges were amply supported by the weight of the evidence, and the counter charges against the respondent failed for lack of proof.

Reargued March 8, 1920. Appeal, No. 13, March T., 1919, by respondent, from decree of C. P. Snyder County, Oct. T., 1917, No. 4, granting a divorce in the case of Arthur F. Noll v. Jennie May Noll. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Libel in divorce. Before JOHNSON, P. J.

The opinion of the Superior Court states the case.

The case was referred to E. E. Pawling, Esq., as master, who recommended a divorce.

On exceptions to the master's report the court dismissed the exceptions, and granted a divorce.

*Error assigned* was the decree of the court.

*Charles P. Ulrich,* and with him *Benjamin H. House-worth,* for appellant.

*A. Francis Gilbert,* and with him *Harry A. Coryell,* for appellee.

OPINION BY HEAD, J., July 14, 1920:

The libel of the husband charged that his wife, the respondent, had, on numerous occasions and with certain persons named, been guilty of a breach of her marital vows. The respondent was served, appeared by counsel and filed an answer and thereafter contested the case at every stage. The answer denied the charges made in

the libel and contained a countercharge of a like offense by the husband.

Upon the issue thus made up the parties and their witnesses were heard first before a master duly appointed by the court below. In his report he points out quite clearly that the weight of the evidence tended to establish the charges contained in the libel and therefore that the main line of defense had broken down. As to the countercharge he made no distinct finding of fact but expressed the opinion that if the evidence tending to support the charge was credible, the offense had been condoned. Upon exceptions to his report the whole question came before the learned court below. In an elaborate opinion reviewing the testimony he gives his reasons for the conclusion that the case against the respondent had been fully supported by the evidence and that the countercharge against the husband had failed for want of proof. He states in his opinion he had the parties and witnesses before him on the rule for alimony and counsel fees and that he was personally acquainted with the parties and many of the witnesses. He accepts as credible the witnesses who testified in support of the libel and declared his inability to so regard the witnesses on the other side.

An independent review by this court of the evidence, as it appears in the record, leads all of us to the same conclusions reached by the learned court below. We are satisfied the charges made in the libel are fully supported by what appears to us to be the weight of the evidence. Reason and common sense also support the conclusion of the court below that the use of coarse and vulgar language by men of not too much education affords but little ground for the inference of unlawful and criminal conduct. On the whole case we are of opinion that the decree complained of was properly entered and as a consequence that the assignments of error must be overruled.

Decree affirmed and appeal dismissed at the costs of the appellant.